WILLIAM A. RAWSON, plaintiff in error, *vs.* POINDEXTER CHERRY, defendant in error.

1. On the trial of an issue joined to ascertain whether the defendant was in possession of the land for which the note, the foundation of the action, was given at the commencement of the suit, the death of one of the parties to the note, the survivor being the one to whom the deed was made, did not exclude the plaintiff as a witness from testifying, and it was error in the Court to reject his evidence.

2. When a deed was made to Cherry at the time of the sale of the land, and which he still holds, we are of opinion that, by the operation o law under such deed, he had the possession of the lands, either by himself or tenants, and the jury found against the evidence in finding the contrary, and the Judge erred in dismissing the case upon such verdict for non-payment of taxes under the Act of 1870.

Relief Act of 1870. Possession of land. Before Judge HARRELL. Stewart Superior Court. April Term, 1871.

Rawson brought siut in August, 1866, upon a promissory note made in 1861 against Cherry alone, as security. He had filed no affidavit of the payment of taxes under the Relief Act of 13th of October, 1870, averring that it was unnecessary, because the note was for the purchase-money of land of which Cherry was in possession at the commencement of this

suit. The Court directed a trial to ascertain whether that were so.

The note was made by one Day, and Cherry was but his security. Day was dead. Rawson was offered as a witness, but the Court would not allow him to testify because Day was dead. Cherry testified that he knew of Day's buying a place from Rawson, and giving such note in part payment, and that Rawson made the deed to him, Cherry, who stood Day's security; that he rented the land to Burke in 1870 and 1871; that he let Adams occupy it in 1868 and 1869, rent free; that Day died in the army, and Mrs. Day remained in possession in 1865 and part of 1866, but when she left he did not know; that she left before August, 1866, went out of her own accord, and was not his tenant, he did not put her in possession. The jury found that Cherry was not in possession when the suit was begun, and thereupon the Court dismissed the cause for want of said affidavit as to taxes. Plaintiff's counsel moved to set aside the order, because the Court erred in refusing to let Rawson testify, because the verdict was contrary to law and the evidence, and because the dismissal was wrong, because the Relief Act of 1870, as applied to prior debts, was unconstitutional. The Court refused to set aside the dismissal, and that is assigned as error.

B. S. WORRILL; J. L. WIMBERLY, for plaintiff in error. Rawson was competent: R. Code, sec. 3798; 38 Ga. R., 103.

E. H. BEALL; M. GILLES, for defendant.

LOCHRANE, Chief Justice.

This case arises upon a motion to set aside the order of the Judge dismissing the case. It appears from the record that William A. Rawson had sued Cherry, the defendant in error, upon a note for $2,336 29, dated October, 1861, and signed by J. J. Day and the said Cherry, as security. Upon the trial of this case it became a question before the Court

whether Cherry, the party sued, was in possession of the property for which the note was given at the commencement of the action. And upon the trial of such issue the jury was impanneled and the grounds taken in the motion to vacate the order of dismissal transpired, and were alleged as errors.

1. The first question of exception upon the trial of such issue was the rejection of the testimony of William A. Rawson, and declaring him to be an incompetent witness to prove the facts springing out of the transaction, because Day, one of the makers of the note, was dead. Under the exceptions to section 3798 of the Code of this State, it is contended that Rawson is an incompetent witness. In this we think the Court erred, as neither by the terms of that Act nor under the facts in this case in a suit against Cherry would Rawson be held incompetent to give in evidence, the facts growing out of the transaction relative to him. And in 38th Georgia, page 103, this Court held where a contract was made with a surviving co-partner, the party was permitted to give in evidence the facts of the transaction, although in such case one of the partners and parties thereto was dead. But upon this issue as to whether Cherry, the defendant, was in possession of the land sold at the institution of the suit, Rawson was clearly competent, and his testimony entitled to be received by the Court, and we hold the Court erred in re-rejecting it.

2. The evidence in the case shows that the deed was made to Cherry, and that this note was given for the purchase-money; and that Cherry holds the deed now, and is in possession of the land. It also shows that soon after the purchase, Day went into the army, where he died, and his widow remained upon the place a short time, when she left. And Cherry swears that she was not his tenant, and that he was not in possession of the land on the 13th of August, 1866, the commencement of the suit. The jury found that the defendant was not in possession at the commencement of the action. Upon which finding, as Rawson had not filed his

affidavit, under the Act of 1870, the Judge dismissed his case for the non-payment of taxes.

In the view we take of this case, we are satisfied first, that the execution of the deed to these lands, made by Rawson to Cherry in 1861, invested him with the title thereto and the right of possession; and that all parties, from that date to the date of the trial, whether they paid him rent or not, were in fact his tenants; and upon the trial of this issue, the jury found contrary to the evidence and against the weight of the evidence. And irrespective of Rawson's testimony, which ought to have been admitted, the facts demonstrate that Cherry was the legal owner of the property, holding title thereto; and the jury ought to have found, upon the facts and the law, that he was in legal possession of the land for which the note was given, at the commencement of the suit. And we, therefore, hold, the Court erred in dismissing the plaintiff's action, upon the ground the taxes had not been paid, inasmuch as under the law, no taxes were due.

Judgment reversed.